**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**FLOSPORTS, INC.,**

    **Plaintiff,**

**v.**

**JACK HARCOURT,**

**MIKE CAISON, and**

**VIRGINIA CHALLENGE
WRESTLING ASSOCIATION, INC.,**

    **Defendants.**

CIVIL ACTION NO. 19-593

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, FloSports, Inc. ("FloSports"), by counsel, for its Complaint against Defendants, Jack Harcourt ("Harcourt"), Mike Caison ("Caison"), and Virginia Challenge Wrestling Association, Inc. ("VCWA") (collectively, "Defendants"), states as follows:

## BACKGROUND

1. By contract, FloSports has the exclusive right to record and stream a unique, annual, live-streamed high school wrestling tournament, the National Holiday Duals (the "Event"). The Event is set to take place December 5-7, 2019 in Virginal Beach so time is of the essence. FloSports respectfully requests that the Court enjoin Defendants' misconduct and enforce FloSports' exclusive right for the Event. In addition to a preliminary and permanent injunction, FloSports seeks compensatory damages and attorneys' fees.

## PARTIES

2. FloSports is a Delaware corporation with its principal place of business located at 979 Springdale Road, Suite 120, Austin, Texas 78702-3764.

3. Harcourt is an individual residing in Virginia. He works at Virginia Beach National Games at 3449 Robinson Road, Virginia Beach, Virginia 23456-4137. Harcourt is Vice President of VCWA that operates in Virginia.

4. Caison is an individual residing in Virginia. He is President of VCWA that operates in Virginia.

5. VCWA is a Virginia corporation that maintains Caison as its registered agent at 16030 Smith Beach Road, Cape Charles, Virginia 23310. VCWA was formed on January 30, 2019.

## JURISDICTION/VENUE/CHOICE OF LAW

6. Defendants harmed FloSports within the Eastern District of Virginia. Further, Defendants reside and/or conduct business in this District and committed the misconduct at issue in this case in this District. Thus, this Court has personal jurisdiction over the Defendants and the dispute. This Court also has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b).

8. FloSports and Harcourt agreed that Texas law governs the Agreement that they signed.

## FACTS

9. Harcourt produces and promotes high school wrestling competitions.

10. In September 2015, Harcourt entered an Exclusive Media Event Agreement with

FloSports (the "Agreement"). A true and accurate copy of the Agreement is attached as **Exhibit A**.

11. The Agreement identifies Harcourt as the "Event Promoter."

12. In the Agreement, Harcourt represented that he "hosts the annual Event and *solely controls* the rights to take pictures, film, broadcast, stream and/or otherwise record the Event." (Ex. A.) Harcourt then granted FloSports the "exclusive right to record and capture each of the Events during the Term," which extends through April 1, 2020, and the "exclusive right and license to sell, broadcast, distribute, video and/or content of each of the Events." (Id.)

13. Pursuant to the Agreement, Harcourt also contractually promised to provide the necessary internet connection and to promote the Event.

14. In the Agreement, Harcourt expressly promised that the Agreement would be "binding on … successors and assigns" and acknowledged that a "transfer of the Event by [him] to another party shall not relieve [him] of [his] obligations under [the] Agreement."

15. Through recent communications, Harcourt has indicated that he does not plan to honor his obligations under the Agreement. Specifically, in an email dated August 22, 2019, Harcourt stated that the **"organization that hosted the event has dissolved their Non Profit and State SCC Membership License. An entirely new organization is now operating that event and is going in a different direction than the previous organization."** (emphasis added). In his email, Harcourt also stated that he "included the President of the new organization in this email. You are welcome to ask him any questions."

16. The "President of the new organization" referenced by Harcourt in his email is Caison who is President of VCWA. Harcourt serves as Vice President of VCWA.

17. After Harcourt sent his email dated August 22, 2019, Caison sent several emails to

FloSports, copying Harcourt, that contained the following statements by Caison:

- "Thank you for your interest in VAC The Holiday Duals, however at this time we will not be utilizing FLO resources."

- "I see your position.  I also understand the old organization was without resource, and remains so, and as far as I'm aware their legal obligations were addressed[.] Your contract is with an organization that does not exist or have any resources, I'm not sure your avenues or intentions."

- "I have no commitment to you or anyone else, any previous contract with someone else has nothing to do with this organization, nor will not dictate [sic] our future events."

18. As confirmed by its website and by the emails sent by Caison to FloSports, VCWA claims that it is hosting the Event on December 5-7, 2019 in Virginia Beach. (https://www.virginiachallenge.org/page/show/4080455-holiday-duals)

19. As confirmed by the emails sent by Caison to FloSports, Caison and VCWA are aware of the Agreement and are claiming it does not have any effect on VCWA as it relates to the Event.

20. Based on recent communications, Harcourt is attempting to avoid his commitments under the Agreement by claiming that the "Event Promoter" has "dissolved."  Caison has made similar claims in his emails to FloSports.

21. In the Agreement, the Event Promoter is an individual – Harcourt – who did not and could not "dissolve."  Nor does the Agreement permit Harcourt to assign his rights to the Event to another party as Harcourt claims he has done through an assignment to VCWA.

22. On September 11, 2019, FloSports sent a formal demand letter to Defendants

regarding the Event. A true and accurate copy of the demand letter is attached as **Exhibit B**.

23. After additional communications with Defendants, FloSports has been unable to reach a resolution with Defendants regarding the streaming of the Event on December 5-7, 2019 and accordingly is seeking relief from the Court to enforce the Agreement.

## COUNT I
### (Declaratory Judgment against All Defendants)

24. FloSports restates the allegations set forth in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. FloSports is attempting to enforce the terms of the Agreement in order to ensure that FloSports can record, broadcast and distribute the Event on December 5-7, 2019.

26. Harcourt is refusing to honor his obligation under the Agreement, and Defendants are claiming that VCWA now controls the Event and that the Agreement no longer applies.

27. An actual case or controversy exists between the parties.

28. For the reasons outlined above, FloSports requests that the Court enter a declaratory judgment that (a) FloSports owns the "exclusive right to record and capture … broadcast [and] distribute … the Event" and (b) Harcourt must comply with his contractual obligations for the Event consistent with the Agreement.

## COUNT II
### (Breach of Contract against Harcourt)

29. FloSports restates the allegations set forth in Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. FloSports and Harcourt entered into the Agreement.

31. Harcourt breached the Agreement by attempting to deny FloSports its exclusive rights to record, broadcast and distribute the 2019 Event.

32. As a direct and proximate result of Harcourt's breach of contract, FloSports has been damaged and is entitled to recover its damages, including its attorneys' fees under Texas law (Tex. Civ. Prac. & Rem. 38.001).

## COUNT III
### (Tortious Interference with Contract against Caison and VCWA)

33. FloSports restates the allegations set forth in Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. As confirmed by Caison's emails, Caison and VCWA have actual knowledge of the Agreement and has stated that the Agreement "will not dictate [VCWA's] future events."

35. By the actions described above, Caison and VCWA have tortiously interfered with the valid Agreement despite prior knowledge of FloSports' contractual rights to the Event.

36. Caison and VCWA have utilized improper methods in interfering with the Agreement.

37. Caison and VCWA acted willfully, with actual malice, and a deliberate indifference to the rights of FloSports.

38. By reasons of the actions of Caison and VCWA, FloSports has suffered, and is threatened with, injury and damage.

WHEREFORE, Plaintiff FloSports, Inc., prays that this Court enter judgment in its favor against Defendants, Jack Harcourt, Mike Caison, and Virginia Challenge Wrestling Association, Inc., on the Complaint as follows:

A. Enter a declaratory judgment that (1) FloSports owns the "exclusive right to record and capture … broadcast [and] distribute … the Event" and (2) Harcourt must comply with his contractual obligations for Event consistent with the Agreement;

B.     Award preliminary and permanent injunctive relief based on the irreparable harm which FloSports would otherwise suffer;

C.     Award FloSports its actual damages incurred in the amount of Two Hundred Thousand Dollars ($200,000), plus pre-judgment interest and post-judgment interest until paid;

D.     Award FloSports its costs and attorneys' fees for the breach of contract claim pursuant to Texas law (Tex. Civ. Prac. & Rem. 38.001);

E.     Award FloSports its costs and expenses expended herein; and

F.     Award such other and further relief as is appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands trial by jury on all issues.

**FLOSPORTS, INC.**

By:  /Kristan B. Burch/
Kristan B. Burch (VSB No. 42640)
Email:  kbburch@kaufcan.com
Micaylee A. Noreen (VSB No. 92433)
Email:  manoreen@kaufcan.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(888) 360-9092 Facsimile
*Counsel for Plaintiff FloSports, Inc.*